MARGARET A. FRISBEE, Appellant, v. THE HAWKEYE LAND COMPANY et al., Appellees.

**NEGLIGENCE: Known Defect in Street—Attempt to Pass Over—**
**1 Contributory Negligence.** Contributory negligence *per se* will not be pronounced on the mere act of passing over a *known* defect in a public street. The test is: Did the traveler know or ought he to have known that it was *imprudent* to so pass? Couched in other terms: As a reasonably prudent person, did I believe and have a right to believe that I could pass in safety?

PRINCIPLE APPLIED: Glenn avenue, a public street, ran east and west. It was intersected at right angles by the Sergeant Bluff road. An adjoining landowner cut a new road across Glenn avenue, connecting it with the Bluff road. This new road was cut below the level of Glenn avenue, leaving a bank. A barrier was placed across the traveled part of Glenn avenue near the bank. South of the barrier, the Glenn avenue bank was spaded down for a few feet, to furnish access to the new road. Plaintiff used these streets in going to church. She and others had passed that way several times during the progress of the work, and without accident. On the day in question, she avoided the obstruction in the morning by driving around it. She returned at night, going west on Glenn avenue. There were no lights. Near the barrier, she was told, by someone supposed to be connected with the grading, to go to the south of the barrier. She did so, the buggy dropped forward into the new road, she was thrown out and injured. *Held,* not guilty of contributory negligence *per se.*

**MASTER AND SERVANT: Respondeat Superior—Independent Con-**
**2 tractor—Who Is Not.** One hired by a landowner to grade a street under the direction of the owner's engineer, and at a certain price per yard, is not an independent contractor.

**MUNICIPAL CORPORATIONS: Defective Streets—Notice of Con-**
**3 dition.** When the work of constructing a new road across a

public street had been in progress during several days in suc-
cession, a jury might well find that the city ought to have known
of the resulting conditions and remedied the same.

*Appeal from Woodbury District Court.*—HON. GEORGE
JEPSON, Judge.

SATURDAY, JUNE 19, 1915.

THE opinion sufficiently states the case.—*Reversed.*

*Harding & Oliver,* for appellant.

*Milchrist & Scott,* for appellee, Hawkeye Land Company.

*E. P. Farr* and *W. V. Steuteville,* for appellee, C. F.
Betz.

*Schmidt & Pike* and *Sam Page,* for appellee, Sioux City.

WEAVER, J.—Glenn avenue is a public street in Sioux
City extending east and west until it intersects with the
Sergeant Bluff road, another street which runs substantially
north and south.   The Hawkeye Land Company undertook
to improve a plat north and east of this intersection, in the
course of which work it constructed a road or new street
crossing Glenn avenue and continuing at an angle which
brought the new way into connection with the Sergeant Bluff
road at a point somewhat farther south.   The plaintiff lives
to the south of the place here described, and in going to the
city and to church has been accustomed to drive over the
streets we have named.   In carrying the new street across
Glenn avenue, the land company made a cut which was of
sufficient dimensions to interfere quite materially for the time
being with the travel upon the avenue.   The excavation was
being done by Betz, who had been hired by the land company
to do that work under the directions of the company's engi-
neer at a specified price per yard.   On the day in question, the
plaintiff, who is a woman 64 years of age, drove to church
and, on reaching the place where this work was in progress,

avoided the cut by driving around through the field on the north side. Night came on before her return and her son was driving the horse. There was a barrier erected across the traveled path of the avenue. On reaching the barrier, or immediately before, a person, who plaintiff thinks was Betz, called to them and told them to take the south side where it appears that the defendants or some of them had spaded down a few feet of the bank of the cut to permit of its being crossed. Turning to the south past the end of the barrier, they drove along or near the south line of the street when, in the darkness, one or more of the wheels went over the embankment into the excavation, which had been extended across the avenue as above described, whereby plaintiff was thrown out and injured. She brings this action for the recovery of damages, alleging that her injury was caused by the negligence of the defendants in failing to put up proper barriers, or to display warning lights for the prevention of such accidents. The defendants each denied all charges of negligence and alleged that plaintiff by her own want of care contributed to the injury of which she complains. At the close of the testimony on plaintiff's part, defendants severally moved for a directed verdict in their favor, on the ground that the testimony conclusively shows plaintiff to be chargeable with contributory negligence, and on the further ground that there is no evidence on which the charge of negligence by the defendants can be sustained. The motion was sustained, a directed verdict was returned for the defendants and judgment entered thereon, from which rulings and judgment this appeal has been taken.

From the fact that the motion for directed verdict was sustained as to all of the defendants, it is quite apparent that the ruling was based on the first ground assigned, that the plaintiff was conclusively shown to have contributed to her injury by her own negligence; and this is the point which is chiefly relied upon by appellees in argument.

I. In our judgment, the record does not show contributory

negligence by the plaintiff as a matter of law, and the issue
should have been submitted to the jury. It is true that plain-
tiff knew of the excavation in the street. She
had passed that way several times during the
week and saw the work in progress, but she
had on each occasion been able to pass with-
out accident. Others had also driven through
there. The barrier erected against travel was across the trav-
eled track, at which point the excavation was deepest, leaving
open the way on either side thereof, thus rendering it prac-
ticable for the travel on the avenue to turn to the right or
left and find a way across the cut where it was more shallow.
Plaintiff had the right to travel the street by day or by night
and, finding the way obstructed, she could properly go around
the obstruction, unless the danger of injury was so great
and so evident that, as a person of ordinary sense and cau-
tion, she ought to have known it was imprudent to undertake
it. The leaving of the way open at either end of the barrier,
with knowledge that the public was using the opportunity
thus afforded, may not have been as a matter of law an invi-
tation to travelers to continue such use; but it must have
been apparent that the existence of such conditions would
naturally lead such travelers to believe that they could make
the crossing in that way with safety. Plaintiff had gone
through in safety several times, and as she approached the
place on this last occasion, she was told by one whom she
understood to be connected with the work to take the south
side of the cut, and in endeavoring to do so, in the darkness,
fell into the excavation. While she knew that the street was
more or less broken up by the work which was being done
there, and that in the absence of care there was liability to
accident, yet this did not require her to wait till morning
before attempting to pass, or to turn back and seek some more
distant route to her home if, as a reasonably prudent per-
son, she believed she could safely follow the course indicated
by Betz. Whether she could so reasonably believe depends

1. NEGLIGENCE:
known defect
in street: at-
tempt to pass
over: con-
tributory
negligence.

upon a consideration of all the circumstances and presents a question upon which fair-minded men could readily reach different conclusions, and for this reason it is not to be disposed of as a matter of law. Even though Betz may have had no authority to act in the premises, or even if plaintiff was mistaken in believing him to be the person who directed her to drive upon the south side, yet the fact, if it be a fact, that she was so directed by someone whom she believed authorized to speak, or by someone on whom she relied as being better informed than herself concerning the condition of the passage around the obstruction in the street, has a legitimate bearing upon the issue of contributory negligence, and the jury could properly consider it as tending to show reasonable care on her part.

Whether the testimony makes a case in which the negligence, if any, of plaintiff's son would be imputed to her, we neither consider nor decide; for even if we should hold with appellees upon that proposition, we still think the case was one for the jury. Quite in point in principle upon the question of contributory negligence of a person who undertakes to pass over a public way which he knows to be in a defective condition is the case of *Fountain v. Des Moines,* 164 Iowa 316, with the precedents there cited.

It follows from what we have said that the court erred in holding the plaintiff chargeable with contributory negligence as a matter of law.

II. Nor have we any doubt that the evidence was sufficient to take the case to the jury upon the issue of negligence by the defendants. The jury could have properly found that the defendant land company was directly responsible for the tearing up of Glenn avenue at this point, and none the less so because (as its manager testifies) it "hired Betz to do the grading at so much per yard." The fact that "Betz was hired to do the grading" on a yardage instead of a per diem basis does not of itself make him

2. MASTER AND SERVANT: respondeat superior: independent contractor: who is not.

any less the servant of the company, nor relieve it of its legal duty to exercise care for the safety of persons lawfully traveling such highway. So far as the city is concerned, the evidence tends to show that the work of excavating the avenue had been going on for several days in succession, and it was for the jury to say whether, in the exercise of its duty in the premises, the city ought not to have known

3. MUNICIPAL CORPORATIONS: defective streets: notice of condition.

of the conditions thus created in time to have remedied them before the plaintiff's injury. But it is argued that the accident occurred outside the street limits and there can be no liability of the city for an injury so occurring. How far, if at all, a city which permits the obstruction of one of its streets and thereby compels or induces the public to pass over adjacent property in order to get around the obstruction may be held liable for injuries sustained by a traveler while outside of the street boundary, we need not undertake here to decide. The evidence shows that Glenn avenue was not fenced on the south side at this point; and, while there is testimony to the effect that the plaintiff's horse and carriage at the time of the accident was a little beyond the street line, there is also testimony to the effect that they were "on the line" and that the "accident occurred in Glenn avenue"; so that even if the appellees' contention that there would be no liability for an injury received outside the street limits be accepted as correct, there was still evidence on which the jury could find that the injury was received within the street. The motion for a directed verdict should have been overruled.

For the reasons stated, the judgment below will be reversed and cause remanded to the district court for a new trial.—*Reversed.*

DEEMER, C. J., EVANS and PRESTON, JJ., concur.